# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

YOLAND OUIYA,

    Plaintiff,

v.

APPLE, INC.

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUMMONS**

**Index No.:**

**Date Filed:**

The basis of venue is:
Defendant's Place of Business

**TO THE ABOVE NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
                May 31, 2019

Yours, etc.,

By: _____
David J. Jeffries, Esq.
Attorney for Plaintiff
1345 6th Avenue
New York, NY 10019
(212) 601-2770
Correspondence Only
888-c 8th Avenue #551
New York, NY 10019

Apple Inc.,
VIA SECRETARY OF STATE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
**************************************************
YOLAND OUIYA,

    Plaintiff,	**VERIFIED COMPLAINT**

v.
    **Index No.**

APPLE, INC.

    Defendant.

**************************************************

    Plaintiff YOLAND OUIYA, by her attorney, David Jeffries Attorney at Law, for complaint against defendant APPLE, INC., allege upon information and belief:

    1.    At all times herein relevant plaintiff YOLAND OUIYA, has been a resident of the County of Hudson and State of New Jersey.

    2.    That at all times herein mentioned, Defendant, APPLE, INC., was and still is a foreign business corporation organized and existing pursuant to and by virtue of the laws of the State of California that has authorization to do business in the State of New York.

    3.    That at all times herein relevant defendant, APPLE, INC., was and still is a corporation conducting business in the State of New York.

    3.    That at all times herein relevant, defendant, APPLE, INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

    4.    That at all times herein relevant, defendant, APPLE, INC., committed a tortious act within the State of New York.

5. That at all times herein relevant, defendant, APPLE, INC., committed a tortious act without the State of New York causing injury to a person or property within the state of New York.

6. That at all times herein relevant, defendant, APPLE, INC, owns, uses, or possesses any real property situated within the State of New York.

7. That by virtue of the allegations above, defendant, APPLE, INC, is subject to the laws of the State of New York pursuant to CPLR 302.

8. That at all times herein relevant, defendant, APPLE, INC., was engaged in the business of designing and manufacturing laptop computers which were marketed and sold within the state of New York.

9. That at all times herein relevant, defendant, APPLE, INC., was engaged in the business of testing laptop computers which were marketed and sold within the State of New York.

10. That at all times herein relevant, defendant, Apple, INC., was engaged in the business of marketing laptop computers which were marketed and sold within the State of New York.

11. That at all times herein relevant, defendant Apple, Inc., was engaged in the business of selling laptop computers and battery charging apparatus which were marketed and sold within the State of New York.

12. On or about May 31, 2016, plaintiff, YOLAND OUIYA was the owner of a laptop computer and battery charging apparatus that was manufactured by defendant, APPLE, INC.

13. On May 31, 2016, plaintiff YOLAND OUIYA, while using the product marketed and sold by defendant was caused to sustain serious and permanent personal injuries, including but not limited to a skin burn on her left leg as a result of encountering hazardous and improperly designed components of the laptop computer and charging apparatus. The combination of hazard and exposure renders the subject laptop computer and battery charging apparatus unreasonably dangerous and unfit for its intended purpose.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT

14. Plaintiff repeats and re-alleges Paragraphs 1 through 13 above as if set forth herein at length.

15. Defendant designed and sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers, including plaintiff, YOLAND OUIYA, when defendant placed said product into the stream of commerce.

16. Defendant manufactured and sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers including plaintiff YOLAND OUIYA, when defendant paced said product into the stream of commerce.

17. Defendant distributed the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers, including plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

18. Defendant sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers,

including plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

19. Defendant designed the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable users of the products including plaintiff YOLAND OUIYA, when defendant placed said products into the stream of commerce.

20. Defendant manufactured and sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable users including plaintiff YOLAND OUIYA, when defendant paced said product into the stream of commerce.

21. Defendant distributed the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable users, including plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

22. Defendant sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable users, including plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

23. Defendant knew, or should have known, the aforementioned product was defective in its design and failed to warn or give adequate warnings of the defect to consumers, including plaintiff YOLAND OUIYA,.

24. Defendant knew, or should have known, the aforementioned product was defective in its testing and failed to warn or give adequate warnings of the defect to consumers, including plaintiff YOLAND OUIYA.

5

25. Defendant knew or should have known, the aforementioned product was defective in its manufacturing and failed to warn or give adequate warnings of the defect to consumers, including plaintiff YOLAND OUIYA,.

26. Defendant knew or should have known, the aforementioned product was defective in its design and failed to warn or give adequate warnings of the defect to users of the product, including plaintiff YOLAND OUIYA,

27. Defendant knew, or should have known, the aforementioned product was defective in its testing and failed to warn or give adequate warnings of the defect to users of the product, including plaintiff YOLAND OUIYA.

28. Defendant knew or should have known, the aforementioned product was defective in its manufacturing and failed to warn or give adequate warnings of the defect to users, including plaintiff YOLAND OUIYA,

29. Plaintiff YOLAND OUIYA, was using said product in the manner intended on May 31, 2016 as when the product left the defendant's control.

30. Defendant's failure to eliminate or guard hazardous parts is a design defect and was a cause of plaintiff's injury.

31. Defendant's failure to warn of hazardous parts is a design defect and was a cause of plaintiff's injury.

32. Defendant was in a superior position to discover and remediate any design defect before making the aforementioned product available to consumers including plaintiff YOLAND OUIYA,, and the product as designed presented an unreasonable risk of harm to consumers, including plaintiff YOLAND OUIYA,.

33. Defendant was in a superior position to discover and remediate any design defect before making the aforementioned product available to consumers including plaintiff

6

YOLAND OUIYA, and the product as designed presented an unreasonable risk of harm to users, including plaintiff YOLAND OUIYA,

34. Defendant had a duty to plaintiff YOLAND OUIYA, to market safe product including the aforementioned product and defendant breached that duty when it marketed said product designed so that it was not reasonably safe and that defective design was a substantial factor/proximate cause of plaintiff YOLAND OUIYA, injury.

35. Defendant's product was not reasonably safe as designed because there was a substantial likelihood of harm and it was feasible to design the product in a safe manner.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT

36. Plaintiff repeats and re-alleges Paragraphs 1 through 35 above as if set forth in their entirety herein.

37. Plaintiff YOLAND OUIYA, injuries were caused by the defendant's gross negligence and at all times plaintiff YOLAND OUIYA, exercised due care.

38. Plaintiff YOLAND OUIYA, injuries were caused by the defendant's recklessness and at all times plaintiff YOLAND OUIYA, exercised due care.

39. Plaintiff YOLAND OUIYA, injuries were caused by the defendant's lack of ordinary care and at all times plaintiff YOLAND OUIYA, exercised due care.

40. Defendant was negligent in the design of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

41. Defendant was grossly negligent in the design of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent, grossly negligent in the manufacturing of said product.

42. Defendant was reckless in the design of said product including its

7

design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

43. Defendant was negligent in the manufacturing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

44. Defendant was grossly negligent in the manufacturing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent, grossly negligent in the manufacturing of said product.

45. Defendant was reckless in the manufacturing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

46. Defendant was negligent in the testing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

47. Defendant was grossly negligent in the testing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was grossly negligent in the manufacturing of said product.

48. Defendant was reckless in the testing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

49. Defendant was negligent in the sale of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

8

50. Defendant was grossly negligent in the sale of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was grossly negligent in the manufacturing of said product.

51. Defendant was reckless in the sale of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT

52. Plaintiff repeats and re-alleges Paragraphs 1 though 51 as if set forth in their entirety.

53. Defendant expressly warranted that the aforementioned product was merchantable and fit for the use which they intended.

54. Defendant's impliedly warranted that the aforementioned product was merchantable and fit for the purpose for which they intended by placing the subject laptop computer and battery charging apparatus into the stream of commerce.

55. Plaintiff YOLAND OUIYA,, relied upon the defendant's express warranties that the aforementioned product was reasonably safe for the use intended by defendant.

56. Plaintiff YOLAND OUIYA, relied upon the defendant's implied warranties that the aforementioned product was reasonably safe for the use intended by the defendant.

57. The aforementioned product was not merchantable for the use intended by the defendant.

9

58. The aforementioned product was not safe for the use intended by the defendant.

59. The aforementioned product was not fit for the use intended by the defendant.

60. As a proximate result of defendant's breach of express warranties, plaintiff YOLAND OUIYA, was caused to suffer injuries and damages and as such has been damaged in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

61. As a proximate result of defendant's breach of implied warranties, plaintiff YOLAND OUIYA, was caused to suffer injuries and damages and as such has been damaged in an amount which exceed the monetary jurisdictional limits of all lower New York State Courts.

62. Wherefore, plaintiff YOLAND OUIYA, demands judgment against defendant APPLE, INC., as follows:

(a) In the first cause of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

(b) In the second cause of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

(c) In the third cause of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

**WHEREFORE**, plaintiff YOLAND OUIYA,, demands such other, further and different relief as the court may deem just and proper, together with the costs and disbursements of this action.

DATED:   New York, New York
         May 31, 2019

Yours, etc.,

**DAVID J. JEFFRIES**

By: _____
David J. Jeffries, Esq
Attorneys for Plaintiff
1345 Avenue of the Americas
New York, NY 10019
**CORRESPONDENCE ONLY**
888-C 8th Avenue #551
New York, New York, 10019
(O) (212) 601-2770
(C) (718) 614-2570

## ATTORNEY VERIFICATION

DAVID J. JEFFRIES, ESQ., an attorney duly admitted to practice law in the State of New York, under penalties of perjury, affirms the following:

That deponent is the attorney for the Plaintiff(s) in the action within; that deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to the deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters believes it to be true and the reason this verification is not made by Plaintiff(s) and is made by deponent is that Plaintiffs is/are not presently located in the county where the deponent-attorney maintains his office.

_____

David J. Jeffries, Esq.