EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YOLAND OUIYA,

              Plaintiff,

          -against-

APPLE, INC.,

              Defendant.

**ANSWER TO VERIFIED
COMPLAINT**

**Index No. 155501/2019**

Defendant Apple Inc. ("Apple") (incorrectly sued herein as "Apple, Inc."), by and through its undersigned attorneys, answers Plaintiff's Verified Complaint as follows:

       1.     At all times herein relevant plaintiff YOLAND OUIYA, has been a resident of the County of Hudson and State of New Jersey.

       **ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph.

       2.     That at all times herein mentioned, Defendant, APPLE, INC., was and still is a foreign business corporation organized and existing pursuant to and by virtue of the laws of the State of California that has authorization to do business in the State of New York.

       **ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph, except admits that it is a foreign corporation

incorporated under the laws of the State of California and that it is authorized to do business within

the State of New York.

       3.     That at all times herein relevant defendant, APPLE, INC., was and still is a corporation conducting business in the State of New York.

       **ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph, except admits that it is a foreign corporation

1

incorporated under the laws of the State of California, and that it is authorized to do business within the State of New York.  Apple refers all matters of law to this honorable Court.

3.     That at all times herein relevant, defendant, APPLE, INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

**ANSWER:**     Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that it is a foreign corporation incorporated under the laws of the State of California, and that it is authorized to do business within the State of New York. Apple refers all matters of law to this honorable Court.

4.     That at all times herein relevant, defendant, APPLE, INC., committed a tortious act within the State of New York.

**ANSWER:**     Apple denies the allegations set forth in this paragraph.

5.     That at all times herein relevant, defendant, APPLE, INC., committed a tortious act without the State of New York causing injury to a person or property within the state of New York.

**ANSWER:**     Apple denies the allegations set forth in this paragraph.

6.     That at all times herein relevant, defendant, APPLE, INC, owns, uses, or possesses any real property situated within the State of New York.

**ANSWER:**     Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that it leases certain premises within the State of New York.

7.      That by virtue of the allegations above, defendant, APPLE, INC, is subject to the laws of the State of New York pursuant to CPLR 302.

**ANSWER:**     Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

8.      That at all times herein relevant, defendant, APPLE, INC., was engaged in the business of designing and manufacturing laptop computers which were marketed and sold within the state of New York.

**ANSWER:**     Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that it is engaged in the business of designing, manufacturing, and marketing mobile communication and media devices and personal computers and that it sells such products throughout the United States, including within the State of New York.

9.      That at all times herein relevant, defendant, APPLE, INC., was engaged in the business of testing laptop computers which were marketed and sold within the State of New York.

**ANSWER:**     Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that it is engaged in the business of designing, manufacturing, and marketing mobile communication and media devices and personal computers and that it sells such products throughout the United States, including within the State of New York.

10.    That at all times herein relevant, defendant, Apple, INC., was engaged in the business of marketing laptop computers which were marketed and sold within the State of New York.

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that it sells or has sold certain electronic devices, including MacBook computers, within the State of New York.

11.    That at all times herein relevant, defendant Apple, Inc., was engaged in the business of selling laptop computers and battery charging apparatus which were marketed and sold within the State of New York.

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except admits that it is engaged in the business of designing, manufacturing, and marketing mobile communication and media devices and personal computers and that it sells such products throughout the United States, including within the State of New York..

12.    On or about May 31, 2016, plaintiff, YOLAND OUIYA was the owner of a laptop computer and battery charging apparatus that was manufactured by defendant, APPLE, INC.

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13.    On May 31, 2016, plaintiff YOLAND OUIYA, while using the product marketed and sold by defendant was caused to sustain serious and permanent personal injuries, including but not limited to a skin burn on her left leg as a result of encountering hazardous and improperly designed components of the laptop computer and charging apparatus.  The combination of hazard and exposure renders the subject laptop computer and battery charging apparatus unreasonably dangerous and unfit for its intended purpose.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT

14.    Plaintiff repeats and re-alleges Paragraphs 1 through 13 above as if set forth herein at length.

**ANSWER:**    Apple repeats its answers to the preceding paragraphs as if set forth fully

herein.

15.    Defendant designed and sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers, including plaintiff, YOLAND OUIYA, when defendant placed said product into the stream of commerce.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

16.    Defendant manufactured and sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers including plaintiff YOLAND OUIYA, when defendant paced said product into the stream of commerce.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

17.    Defendant distributed the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable consumers, including plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

**ANSWER:**   Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

18.   Defendant sold the laptop computer and battery charging apparatus in a defective
condition and created an unreasonable risk of harm to the foreseeable consumers, including
plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

**ANSWER:**   Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

19.   Defendant designed the laptop computer and battery charging apparatus in a
defective condition and created an unreasonable risk of harm to the foreseeable users of the
products including plaintiff YOLAND OUIYA, when defendant placed said products into the
stream of commerce.

**ANSWER:**   Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

20.   Defendant manufactured and sold the laptop computer and battery charging
apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable users
including plaintiff YOLAND OUIYA, when defendant paced said product into the stream of
commerce.

**ANSWER:**   Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

21.   Defendant distributed the laptop computer and battery charging apparatus in a
defective condition and created an unreasonable risk of harm to the foreseeable users, including
plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

22.    Defendant sold the laptop computer and battery charging apparatus in a defective condition and created an unreasonable risk of harm to the foreseeable users, including plaintiff YOLAND OUIYA, when defendant placed said product into the stream of commerce.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

23.    Defendant knew, or should have known, the aforementioned product was defective in its design and failed to warn or give adequate warnings of the defect to consumers, including plaintiff YOLAND OUIYA.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

24.    Defendant knew, or should have known, the aforementioned product was defective in its testing and failed to warn or give adequate warnings of the defect to consumers, including plaintiff YOLAND OUIYA.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

25.    Defendant knew or should have known, the aforementioned product was defective in its manufacturing and failed to warn or give adequate warnings of the defect to consumers, including plaintiff YOLAND OUIYA.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

26.    Defendant knew or should have known, the aforementioned product was defective in its design and failed to warn or give adequate warnings of the defect to users of the product, including plaintiff YOLAND OUIYA.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

27.    Defendant knew, or should have known, the aforementioned product was defective in its testing and failed to warn or give adequate warnings of the defect to users of the product, including plaintiff YOLAND OUIYA.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

28.    Defendant knew or should have known, the aforementioned product was defective in its manufacturing and failed to warn or give adequate warnings of the defect to users, including plaintiff YOLAND OUIYA,

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

29.    Plaintiff YOLAND OUIYA, was using said product in the manner intended on May 31, 2016 as when the product left the defendant' s control.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

30.    Defendant's failure to eliminate or guard hazardous parts is a design defect and was a cause of plaintiff's injury.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

31.    Defendant's failure to warn of hazardous parts is a design defect and was a cause of plaintiff's injury.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

32.    Defendant was in a superior position to discover and remediate any design defect before making the aforementioned product available to consumers including plaintiff YOLAND OUIYA, and the product as designed presented an unreasonable risk of harm to consumers, including plaintiff YOLAND OUIYA,.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

33.    Defendant was in a superior position to discover and remediate any design defect before making the aforementioned product available to consumers including plaintiff YOLAND OUIYA, and the product as designed presented an unreasonable risk of harm to users, including plaintiff YOLAND OUIYA.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

34.    Defendant had a duty to plaintiff YOLAND OUIYA, to market safe product including the aforementioned product and defendant breached that duty when it marketed said product designed so that it was not reasonably safe and that defective design was a substantial factor/proximate cause of plaintiff YOLAND OUIYA, injury.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

35.    Defendant's product was not reasonably safe as designed because there was a substantial likelihood of harm and it was feasible to design the product in a safe manner.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT

36.    Plaintiff repeats and re-alleges Paragraphs 1 through 35 above as if set forth in their entirety herein.

**ANSWER:**    Apple repeats its answers to preceding paragraphs as if set forth fully herein.

37.    Plaintiff YOLAND OUIYA, injuries were caused by the defendant's gross negligence and at all times plaintiff YOLAND OUIYA, exercised due care.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

38.    Plaintiff YOLAND OUIYA, injuries were caused by the defendant's recklessness and at all times plaintiff YOLAND OUIYA, exercised due care.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

FILED: NEW YORK COUNTY CLERK 08/05/2019 02:50 PM
NYSCEF DOC. NO.    Case 1:19-cv-07762-PKC   Document 1-2   Filed 08/20/19   Page 12 of 23 SCEF: 08/05/2019

INDEX NO. 155501/2019

39.    Plaintiff YOLAND OUIYA, injuries were caused by the defendant's lack of ordinary care and at all times plaintiff YOLAND OUIYA, exercised due care.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

40.    Defendant was negligent in the design of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

41.    Defendant was grossly negligent in the design of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent, grossly negligent in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

42.    Defendant was reckless in the design of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

43.    Defendant was negligent in the manufacturing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

**ANSWER:** Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

44. Defendant was grossly negligent in the manufacturing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent, grossly negligent in the manufacturing of said product.

**ANSWER:** Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

45. Defendant was reckless in the manufacturing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

**ANSWER:** Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

46. Defendant was negligent in the testing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

**ANSWER:** Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

47. Defendant was grossly negligent in the testing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was grossly negligent in the manufacturing of said product.

**ANSWER:** Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

48.    Defendant was reckless in the testing of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.


49.    Defendant was negligent in the sale of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was negligent in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.


50.    Defendant was grossly negligent in the sale of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was grossly negligent in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.


51.    Defendant was reckless in the sale of said product including its design, failing to give adequate safety instructions and warnings regarding the use of said product and was reckless in the manufacturing of said product.

**ANSWER:**    Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT

52.     Plaintiff repeats and re-alleges Paragraphs 1 through 51 as if set forth in their entirety.

**ANSWER:**   Apple repeats its answers to the preceding paragraphs as if set forth fully herein.

53.     Defendant expressly warranted that the aforementioned product was merchantable and fit for the use which they intended.

**ANSWER:**   Apple denies the allegations set forth in this paragraph to the extent they imply that an Apple device was not merchantable or fit for its intended use, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers all matters of law to this honorable Court.

54.     Defendant impliedly warranted that the aforementioned product was merchantable and fit for the purpose for which they intended by placing the subject laptop computer and battery charging apparatus into the stream of commerce.

**ANSWER:**   Apple denies the allegations set forth in this paragraph to the extent they imply that an Apple device was not merchantable or fit for its intended purpose, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers all matters of law to this honorable Court.

55.     Plaintiff YOLAND OUIYA, relied upon the defendant's express warranties that the aforementioned product was reasonably safe for the use intended by defendant.

**ANSWER:**   Apple denies the allegations set forth in this paragraph to the extent they imply that an Apple device was not reasonably safe for its intended use, denies knowledge or

information sufficient to form a belief as to the truth of the remaining allegations, and refers all matters of law to this honorable Court.

56.     Plaintiff YOLAND OUIYA, relied upon the defendant's implied warranties that the aforementioned product was reasonably safe for the use intended by the defendant.

**ANSWER:**     Apple denies the allegations set forth in this paragraph to the extent they imply that an Apple device was not reasonably safe for its intended use, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers all matters of law to this honorable Court.

57.     The aforementioned product was not merchantable for the use intended by the defendant.

**ANSWER:**     Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

58.     The aforementioned product was not safe for the use intended by the defendant.

**ANSWER:**     Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

59.     The aforementioned product was not fit for the use intended by the defendant.

**ANSWER:**     Apple denies the allegations set forth in this paragraph, and refers all matters of law to this honorable Court.

60.     As a proximate result of defendant's breach of express warranties, plaintiff YOLAND OUIYA, was caused to suffer injuries and damages and as such has been damaged in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

**ANSWER:**     Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

61.     As a proximate result of defendant's breach of implied warranties, plaintiff YOLAND OUIYA, was caused to suffer injuries and damages and as such has been damaged in an amount which exceed the monetary jurisdictional limits of all lower New York State Courts.

**ANSWER:**     Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

62.     Wherefore, plaintiff YOLAND OUIYA, demands judgment against defendant APPLE, INC., as follows:

(a)     In the first cause of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

(b)     In the second cause of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

(c)     In the third cause of action in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts;

**ANSWER:**     Apple denies the allegations set forth in this paragraph, and refers all matters

of law to this honorable Court.

## AS AND FOR A FIRST
## SEPARATE DEFENSE

FIRST:     That any recovery by Plaintiff may be barred or reduced by Plaintiff's own

negligence, comparative fault, assumption of risk, and/or carelessness.

### AS AND FOR A SECOND
### SEPARATE DEFENSE

SECOND:     That Plaintiff's action may be barred in whole or in part by the applicable

Statute of Limitations.

### AS AND FOR A THIRD
### SEPARATE DEFENSE

THIRD:     That some or all of Plaintiff's alleged economic loss was or will be replaced

or indemnified from collateral sources and, therefore, any award for economic loss should be

reduced thereby.

### AS AND FOR A FOURTH
### SEPARATE DEFENSE

FOURTH:     That Apple's liability, if any, is limited pursuant to the provisions of

Article 16 of the New York Civil Practice Law and Rules or any other applicable law affecting

the joint and several liability of Apple.

### AS AND FOR A FIFTH
### SEPARATE DEFENSE

FIFTH:     That Plaintiff's alleged injuries and damages, if any, were caused by the

culpable conduct of some third person or persons over whom Apple exercised no direction,

supervision, or control.

### AS AND FOR A SIXTH
### SEPARATE DEFENSE

SIXTH:     That, if Plaintiff was injured and damaged as alleged in the complaint, said

injuries and damages were caused by the independent intervening conduct of a person over

whom Apple exercised no direction, supervision, or control.

**AS AND FOR A SEVENTH**
**SEPARATE DEFENSE**

SEVENTH:    Plaintiff's recovery may be barred or reduced to the extent Plaintiff failed

to mitigate her damages and/or to the extent she seeks recovery of unnecessary or unreasonable

expenses.

**AS AND FOR AN EIGHTH**
**SEPARATE DEFENSE**

EIGHTH:    Any recovery by Plaintiff may be barred or reduced by the abnormal

use/alteration of the product and/or failure to read or heed any warnings or instructions

accompanying the subject product by Plaintiff or other persons over whom Apple had no control.

**AS AND FOR A NINTH**
**SEPARATE DEFENSE**

NINTH:    Plaintiff's claims are barred by her misuse of the subject product.

**AS AND FOR A TENTH**
**SEPARATE DEFENSE**

TENTH:    Plaintiff's claims are barred in whole or in part as a result of Plaintiff's

express or implied assumption of risks, dangers, or hazards known by Plaintiff.

**AS AND FOR AN ELEVENTH**
**SEPARATE DEFENSE**

ELEVENTH: That if it is found that any products distributed, manufactured, sold, or

maintained by Apple are involved in this lawsuit, such products complied with all applicable

statutes and regulations existing at the time of the alleged incident and are entitled to a presumption of not being dangerous or hazardous.

## AS AND FOR A TWELFTH
## SEPARATE DEFENSE

TWELFTH:    That, if Plaintiff was injured as alleged in the complaint, Plaintiff's injury resulted from new and independent, unforeseeable, and superseding causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Apple.

## AS AND FOR A THIRTEENTH
## SEPARATE DEFENSE

THIRTEENTH:    At the time Apple placed the product in question into the stream of commerce, if at all, it conformed to the state-of-the-art applicable to such product at the time.

## AS AND FOR A FOURTEENTH
## SEPARATE DEFENSE

FOURTEENTH:    Plaintiff's action is barred in whole or part by the express written terms of a contract.

## AS AND FOR A FIFTEENTH
## SEPARATE DEFENSE

FIFTEENTH: Plaintiff's claims may be subsumed and/or barred in whole or in part by any applicable Product Liability Act.

## AS AND FOR A SIXTEENTH
## SEPARATE DEFENSE

SIXTEENTH: Apple reserves the right to assert any additional affirmative defenses that may become apparent during the course of additional investigation and discovery.

**WHEREFORE**, APPLE demands judgment against Plaintiff dismissing the complaint therein, together with costs and disbursements of this action and for such other relief as this Court may deem just, proper and equitable.

Dated: New York, New York
August 5, 2019

By: _Thomas M. Crispi    /SF_____

Thomas M. Crispi
Katia Asche
Schiff Hardin LLP
666 Fifth Avenue
Suite 1700
New York, NY 10103
212.753.5000
*Attorneys for Defendant Apple Inc. (i/s/h/a
"Apple, Inc.")*

To:    David Jeffries, Esq.
1345 6th Avenue
New York, New York 10019
*Attorneys for Plaintiff*

### ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                      ) ss:
COUNTY OF NEW YORK  )

I, Thomas M. Crispi, an attorney duly admitted to practice law before the Courts of the State of New York, deposes and says that I am counsel for APPLE INC., with an office located at 666 Fifth Avenue, 17th Floor, New York, New York 10103, and that I have read the foregoing Verified Answer and know the contents thereof, that the same is true upon information and belief, and I believe it to be true, that the grounds of my belief are public records, records and documents currently in my possession pertaining to this matter, and conversations with client's agents, and that the reason why this verification is made by me and not by said defendant is that said defendant is a foreign corporation which has no offices located in New York County where I maintain my office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:    New York, New York
           August 5, 2019

                                                  _Thomas Crispi  /SF_
                                                  Thomas Crispi

NY\54169919.1\

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YOLAND OUIYA,

                    Plaintiff,

          -against-

APPLE, INC.,

                    Defendants.

Index No.: 155501/2019

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK       )
                        ) SS.:
COUNTY OF NEW YORK      )

I, SARAH FRANCO, being duly sworn, depose and say:

1. I am over 18 years of age and am a resident of Suffolk County, New York. I am not a party to the above-entitled action. I am employed by Schiff Hardin LLP located at 666 Fifth Avenue, 17th Floor, New York, New York 10103.

2. On August 5, 2019, I served Apple Inc.'s Answer to Verified Complaint, dated August 5, 2019, by depositing said document in properly addressed wrapper into the custody of the U.S. Postal Services within the State of New York, properly addressed to counsel for Plaintiff as follows:

David J. Jeffries, Esq.
1345 Avenue of the Americas
New York, New York 10019
*Attorneys for Plaintiff*

Sarah Franco

Sworn to before me on this
5th day of August, 2019

Notary Public

NY\54170036.1

BATTERMAN RANDALL
Notary Public, State of New York
No. 01BA6188064
Qualified in New York County
Commission Expires June 02, 20__

1 of 1